UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**  **U.S. Post Office & Courthouse Bldg.**
**United States Magistrate Judge**  Federal Square, Newark, NJ  07101
(973) 645-6596

October 10, 2007

**LETTER OPINION & ORDER**

Joseph Malloy, pro se
Talbot Hall
100 - 140 Lincoln Highway
Kearny, NJ 07032

      **RE: MALLOY v. KEANE, et al**
      **Civil Action No. 07-2583 (KSH)**

Dear Litigant:

      The Court is in receipt of plaintiff Joseph Malloy's request for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), filed September 11, 2007.  For the reasons set forth below, the plaintiff's request is denied.

**BACKGROUND**

      On May 30, 2007, the plaintiff submitted a Complaint and an application to proceed in forma pauperis ["IFP"].  On August 16, 2007, the plaintiff's application to proceed IFP was denied without prejudice due to incompleteness, and the action was administratively terminated due to his failure to submit the filing fees.  See Order, dated August 16, 2007.  After plaintiff submitted an application to proceed IFP, the Court reopened the case, granted the plaintiff's request to proceed IFP, and his Complaint was filed.  See Order, dated August 29, 2007.

      In the Complaint, plaintiff alleges that, on June 6, 2005, defendants searched his residence pursuant to a search warrant and allegedly seized personal items falling outside the scope of the warrant, thereby violating his federal civil rights and state law.  See Compl. at ¶ 4. Plaintiff also alleges that defendant prosecutor committed perjury by making contradictory statements under oath regarding defendants' alleged seizure of his personal items.

On September 11, 2007, Plaintiff filed this application for the appointment of counsel. See Docket Entry No. 9.  In his application, Plaintiff argues that he is entitled to counsel because: (1) his claim has merit; (2) he is incarcerated and therefore lacks the ability to present an efficient and effective case; (3) the legal issues, including rules of evidence and discovery, are complex and he lacks the understanding to present his case; (4) factual investigation may be necessary to learn about defendants' past; (5) the case will turn on credibility determinations; and (6) he is unable to afford or obtain counsel.  See App. for Counsel at ¶ 3.

### DISCUSSION

There is no constitutional or statutory right to appointed counsel for indigent civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Nonetheless, Congress has afforded district courts broad discretion in determining whether to appoint counsel for indigent civil litigants.  See 28 U.S.C. § 1915 (e)(1); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Court must first consider, "as a threshold matter, the merits of the plaintiff's claim." Tabron, 6 F.3d at 155.  If the Court determines that the plaintiff's claim has arguable merit, then the Court should consider the following additional factors:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses; and
> (6) the plaintiff's capacity to retain counsel on his own behalf.

Id. at 156-57.  The decision to appoint counsel "must be made on a case-by-case basis." Id. Assuming for the purposes of this analysis that the plaintiff's claims have merit, the Court has considered the Tabron factors to determine if appointed counsel is warranted.

First, the Court considered the plaintiff's ability to present his or her own case. Generally, the Court should consider the plaintiff's education, literacy, the existence of any language barriers, prior work experience, prior litigation experience, and the restraints placed upon the plaintiff by virtue of his confinement.  Id. at 156.  This also includes consideration of the availability of equipment such as typewriters, photocopiers, telephones and computers.  Id. Here, although the plaintiff is currently incarcerated, see App. for Counsel at ¶ 3, he has not contended that he lacks these resources.  Furthermore, the plaintiff is clearly literate, and his submissions to the Court have been timely, organized, and coherent, demonstrating his ability to present his case before the Court in accordance with the Court's procedures.  Indeed, in the present case, there is no evidence that the plaintiff lacks the ability to follow rules of evidence and discovery.  On the contrary, it appears that the plaintiff is, in fact, adept in his ability to

follow evidence and discovery rules and procedures, as he has previously pursued State court relief seeking a writ of replevin and discovery of certain records on which the plaintiff alleges his seized personal property should have been itemized.  See Compl. at ¶ 4.  Accordingly, since the plaintiff is able to present his claims in a coherent manner and is not clearly disadvantaged by his alleged inexperience with the federal evidence and discovery rules, this factor weighs against appointing counsel.

The second factor for consideration is the degree to which the legal issues presented in the case are complex.  The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (citing Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)).  In addition, "while the ultimate issue may be comprehensible, courts must still look to the proof going towards the ultimate issue and the discovery issues involved."  Parham, 126 F.3d at 459.  In this case, the legal issue involves whether defendants violated the plaintiff's civil rights by the alleged seizure of personal property falling outside the scope of the search warrant, an issue for which there is well-established case law.  Further, the underlying facts relevant to the plaintiff's claims seem relatively simple–an identification of the items seized and the basis for the seizure (i.e., pursuant to the search warrant or an exception to the warrant requirement).  Accordingly, the facts and legal issues involved in this case are not complex, and thus, this factor also weighs against appointing counsel.

Third, the Court must consider the degree to which a factual investigation will be necessary and the ability of the plaintiff to pursue an investigation.  The Tabron court noted that courts should consider the difficulty incarceration imposes upon prisoners in pursuing factual investigations.  6 F.3d at 156.  Further, courts should consider whether the claims are likely to require extensive discovery and compliance with complex discovery rules.  Id.  Here, discovery will focus on the facts surrounding the defendant officers' execution of the search warrant in the plaintiff's place of residence, and whether any of the items seized fall outside the scope of the search warrant or an exception to the warrant requirement.  Plaintiff has indicated that certain of his personal items were taken without having been properly inventoried, and that defendant prosecutor has made contradictory statements regarding same.  See Compl. at ¶ 4.  More specifically, the defendant prosecutor allegedly made a statement under oath that the State is not in possession of any of the items that the plaintiff specified, except for six packs of cigarettes.  Id.  Plaintiff contends that the defendant prosecutor thereafter contradicted his previous statement by indicating that the State was in possession of Plaintiff's cell phone.  Id.  In addition, Plaintiff has stated that he has not seen anywhere in his discovery the evidence sheet documenting the seizure of cigarettes.  In light of these facts, plaintiff may seek to conduct a factual investigation via interrogatories, document demands, and other discovery devices.  Plaintiff has not shown that such tools are insufficient or that his incarceration presents a logistical impediment to investigating the facts that necessitates appointing counsel.  Thus, this factor weighs against the appointment of counsel.

Fourth, the Court must consider the extent to which a case is likely to turn on credibility

determinations. The Third Circuit has stated "when considering this factor, courts should determine whether the case was <u>solely</u> a swearing contest." <u>See</u> <u>Parham</u>, 126 F.3d at 460 (emphasis added). Here, it appears Plaintiff will contend that certain personal property was in his home and certain defendants seized it without legal authority, and that defendants will deny these allegations and hence an issue of credibility may be presented. Plaintiff, however, represents that he has gathered evidence of contradictory statements about the property seized pursuant to the warrant and that this may arguably support his contention that the defendants seized the items he alleges were outside the scope of the warrant. <u>See</u> Compl. at ¶ 4. Thus, Plaintiff himself has begun to marshal materials to challenge the credibility of witnesses in the same way as an attorney, and hence, it does not appear he needs the assistance of counsel to do so. Accordingly, this factor weighs against the appointment of counsel.

Fifth, while appointed counsel may be warranted where a case requires testimony from expert witnesses, there is no indication that expert testimony will be needed to address the narrow issue in this case. Thus, this factor weighs against the appointment of counsel.

Sixth, the Court must consider the plaintiff's capacity to retain counsel on his own behalf. Plaintiff's indigency alone is not a basis to appoint counsel and the fact that Plaintiff has written to multiple attorneys from prison to no avail, see App. for Counsel at ¶ 4, in the absence of other Tabron factors, does not support the request to appoint counsel, particularly given the scarce supply of attorneys available to accept pro bono assignments. See Tabron, 6 F.3d at 157. Given the plaintiff's clear ability to articulate his claims, investigate the facts necessary to address the narrow issue involved, and comply with the Court's rules, this is not a case where such resources should be applied.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's application for the appointment of <u>pro</u> <u>bono</u> counsel.

                                              **SO ORDERED.**

                                              s/Patty Shwartz
                                              United States Magistrate Judge